**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) ) | |
| v. | ) ) | No. 2:23-cr-20056-SHL |
| CEDRIC WITCHER, | ) ) | |
|     Defendant. | ) | |

**ORDER DISMISSING CASE**

Before the Court is Defendant Cedric Witcher's Position on Case Status, filed April 2, 2026. (ECF No. 67.) That filing, along with the Government's previously filed Status Brief (ECF No. 66 (SEALED)), were filed at the direction of the Court following the March 6, 2026 Status Conference in this matter. Counsel for Witcher "moves for a dismissal of the proceedings based on the mental status of Mr. Witcher." (ECF No. 67 at PageID 216.) The Government explained that it "is prepared to dismiss the charges for reason of mental disease or defect . . . after a finding on the record that the defendant is incompetent to proceed" and upon receipt of confirmation that the director of Federal Medical Center-Devens, the United States Federal Prison in Massachusetts where Witcher is currently in custody pursuant to his sentence imposed by the District Court for the Northern District of Texas, files a certificate pursuant to 18 U.S.C. § 4246(a).[1] (ECF No. 66 at PageID 213.)

---

[1] That provision provides that, upon the filing of such a certificate, "[t]he court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(a). If, after that hearing, "the court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall commit the person to the custody of the Attorney General." 18 U.S.C. § 4246(d).

The Court held a hearing on the question of competency on April 9, 2026.  (ECF No. 68.) At that hearing, the Court heard testimony from Dr. Diana Schoeller Hamilton, a Licensed Clinical Psychologist in the Forensic Evaluation Section of the Psychology Services Branch of the Federal Bureau of Prisons.  Dr. Hamilton previously submitted a Forensic Psychological Report of Witcher (see ECF No. 61 (SEALED)), after the Court granted the Government's motion for involuntary treatment to restore Witcher to competency (ECF No. 55).[2]

In her report, which she confirmed through her testimony at the hearing, Dr. Hamilton opined that "Mr. Witcher has been diagnosed with schizophrenia.  Even in the context of adherence to a medication that treats schizophrenia for 6 months, Mr. Witcher's symptoms have persisted such that . . . [he] is still unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense."  (ECF No. 61 at PageID 204–05.) Ultimately, she concluded that "it is unlikely Mr. Witcher's symptoms of this mental illness will sufficiently remit so that he might become competent in the near future."  (Id. at PageID 205.)

When a court "finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," he is to be hospitalized for treatment in a suitable facility by the Attorney General.  18 U.S.C. § 4241(d).  The hospitalization is to last, "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward," and "for an additional reasonable period of time" until the earlier of his mental condition

---

[2] Judge John T. Fowlkes, Jr., issued that Order.  On December 3, 2025, this matter was re-assigned to the undersigned.

2

being "so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward" or "the pending charges against him are disposed of according to law." Id.

As explained at the hearing, based on the evidence, including the report and testimony of Dr. Hamilton, the Court finds that Witcher's mental condition has not improved such that trial may proceed forward, and will not improve with continued treatment. Based on that conclusion and the agreement of the Government, Witcher's oral Motion to Dismiss the indictment is **GRANTED**. Witcher shall be remanded to the custody of the Bureau of Prisons to complete his sentence in the Texas matter.

**IT IS SO ORDERED,** this 10th day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3